Matter of Gallagher Town of New Windsor Police Dept. v D.M. (2024 NY Slip Op 01539)

Matter of Gallagher Town of New Windsor Police Dept. v D.M.

2024 NY Slip Op 01539

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-05873
 (Index No. 2369/23)

[*1]In the Matter of Det. Gallagher Town of New Windsor Police Dept., petitioner, 
v
D. M., respondent; Letitia James, etc., intervenor-appellant.

Letitia James, Attorney General, New York, NY (Barbara D. Underwood, Ester Murdukhayeva, and Sarah Coco of counsel), intervenor-appellant pro se.
Selendy Gay Elsberg PLLC, New York, NY (Andrew R. Dunlap, Korey Boehm, and Taylor Stone of counsel), for amici curiae District of Columbia and States of Arizona, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Pennsylvania, Rhode Island, Vermont, Washington, and Wisconsin.
Arnold & Porter Kaye Scholer LLP, New York, NY (W. Stewart Wallace and Arthur Luk of counsel), for amici curiae Brady Center to Prevent Gun Violence and Giffords Law Center to Prevent Gun Violence.
Alvin L. Bragg, Jr., District Attorney, New York, NY (Steven C. Wu and John T. Hughes of counsel), amicus curiae pro se and for amici curiae Melinda Katz, District Attorney of Queens County, Michael E. McMahon, District Attorney of Richmond County, and Miriam E. Rocah, District Attorney of Westchester County.

DECISION & ORDER
In a proceeding for an extreme risk protection order pursuant to CPLR article 63-A, the intervenor, Letitia James, appeals from an order of the Supreme Court, Orange County (Craig Stephen Brown, J.), dated April 13, 2023. The order dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Orange County, for a determination of the petition on the merits.
On April 11, 2023, the respondent, born in 2009, told other students on his school bus that "they shouldn't come to school tomorrow" after they criticized the cleanliness of his hands. After the words "gun" and "shooting up the school" were mentioned, the respondent said that he was joking, but later said that he "may be serious" in carrying out his threat. School officials reported previous incidents involving violence by the respondent against other students, suicidal ideation and behavior by the respondent, and evidence that the respondent may have a mental illness.
The petitioner filed a petition for an extreme risk protection order pursuant to CPLR article 63-A. The Supreme Court dismissed the petition, citing R.M. v C.M. (79 Misc 3d 250 [Sup [*2]Ct, Orange County]), which, inter alia, declared that CPLR article 63-A is unconstitutional. Letitia James, Attorney General of the State of New York, as intervenor, appeals.
The respondent is a minor less than 16 years old, who, subject to certain exceptions, is not allowed to possess guns (see Penal Law §§ 265.05, 265.20[a][7]; ECL 11-0702[1];11-0929). In New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1, 31), the Supreme Court of the United States stated that the Second Amendment of the United States Constitution protects "law-abiding, adult citizens." The respondent in this case is not an adult and has no general right to keep and bear arms. Therefore, he lacks standing to challenge CPLR article 63-A as a violation of the Second Amendment (see US Const, 2d Amend).
Further, for the reasons set forth in Matter of M. v M. (___ AD3d ___ [decided herewith]), CPLR article 63-A is constitutional and does not deprive the respondent of due process of law. Accordingly, the petition should be determined on the merits.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court